UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAMIEN HOWARD PONDER,**

    **Plaintiff,**

  v.                                          Civil Action 2:25-cv-55
                                                Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Chelsey M. Vascura

**ATHENS COUNTY COURT OF
COMMON PLEAS, JUVENILE
DIVISION,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Damien Howard Ponder, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

2

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff's claims arise from his dissatisfaction with child support proceedings in the Court of Common Pleas for Athens County, Ohio. Plaintiff alleges that Julie Conkey, the Department of Job and Family Services, and the Athens County Child Support Enforcement Agency have deprived him of due process through threats of incarceration if he does not comply with his court-ordered child support obligations. Plaintiff also alleges that Judge Zachary

3

Saunders, of the Athens County Court of Common Pleas, Probate and Juvenile Division, refuses to enforce the law by acknowledging Plaintiff's challenge to his jurisdiction. Plaintiff also complains that the Clerk of Court sends only regular mail instead of certified mail. Attorney Keith Wiens, representing Athens County Child Support Enforcement Agency, has also allegedly failed to rebut Plaintiff's legal filings. Finally, Plaintiff alleges that all these individuals and entities have conspired against him and that the state court lacks both subject-matter and personal jurisdiction. (Compl. 3–4, ECF No. 1-1.)

The undersigned construes Plaintiff's Complaint to advance claims under 42 U.S.C. § 1983 for violating his Fourteenth Amendment procedural due process rights. As relief, Plaintiff seeks dismissal of the actions pending against him in the Athens County Court of Common Pleas Juvenile Division and damages. (Compl. 4, ECF No. 1-1.)

Plaintiff's Complaint must be dismissed in its entirety. First, no matter how liberally the Court construes Plaintiff's Complaint, Defendants Saunders and Lang—a state court judge and magistrate, respectively—are entitled to absolute immunity from civil liability. Judges are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Plaintiff's Complaint contains no plausible allegations on which this Court could rely to conclude that the exceptions to judicial immunity apply to the state-court judge and magistrate he names. Further, although "Magistrate Lang" is named as a Defendant, Plaintiff's Complaint contains no factual allegations about Lang.

4

Moreover, Defendant Court of Common Pleas, Juvenile Division, for Athens County, Ohio, is not amenable to suit. *See* Fed. R. Civ. P. 17(b)(3) (capacity to be sued determined by the law of the state where the Court is located); *State ex rel. Andrews v. Lake Cnty. Ct. of Common Pleas*, 170 Ohio St. 3d 354, 355 n.1 (2022) ("Because a court is not sui juris and may not be sued in its own right, the court of common pleas is not a properly named party in this case."). Similarly, Defendant Athens County Clerk of Courts is not amenable to suit because it is an administrative unit of the county court. *See Courthouse News Serv. v. Foley*, No. 3:23-CV-00329, 2024 WL 308311, at *3 (S.D. Ohio Jan. 26, 2024) (collecting cases). The Athens County Child Support Enforcement Agency also lacks the capacity to be sued as a branch of the County government. *See Jones v. State*, No. 3:15CV00325, 2015 WL 5562309, at *4 (S.D. Ohio Sept. 22, 2015) (collecting cases), *report and recommendation adopted sub nom. Jones v. Dewine*, 2015 WL 5999363 (S.D. Ohio Oct. 15, 2015).

Plaintiff's allegations against the remaining named Defendants—Julie Conkey and Keith Wiens—are conclusory and unsupported. Plaintiff makes only cursory allegations of conspiracy and alleges no facts that would undermine any child support order or the proceedings that resulted in such order. These allegations are precisely the kind of "naked assertion[s] devoid of further factual enhancement" that do not suffice under *Iqbal*. *See* 556 U.S. at 678; *see also Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. That pleading standard is relatively strict.") (cleaned up). Plaintiff's § 1983 claims against these Defendants must therefore be dismissed.

### III. DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE