UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAMIEN HOWARD PONDER,**

    **Plaintiff,**

    v.

**ATHENS COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION,** *et al.***,**

    **Defendants.**

Case No. 2:25-cv-55
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on the January 27, 2025 Report and Recommendation issued by the Magistrate Judge. (ECF No. 3.) For the reasons stated in this Opinion and Order, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. (ECF No. 3.)

**I.    Background**

Plaintiff Damien Howard Ponder's claims arise from his dissatisfaction with child support proceedings in the Court of Common Pleas for Athens County, Ohio. (Compl., ECF No. 1-1, PageID 6–7.) Mr. Ponder alleges that Defendants Julie Conkey, the Athens County Department of Job and Family Services, and the Athens County Child Support Enforcement Agency have deprived him of due process through threats of incarceration if he does not comply with his court-ordered child support obligations. (*Id.*)

Mr. Ponder also alleges that Judge Zachary Saunders, of the Athens County Court of Common Pleas, Probate and Juvenile Division, refuses to enforce the law by acknowledging Plaintiff's challenge to his jurisdiction. (*Id.*) He alleges attorney Keith Wiens, representing Athens County Child Support Enforcement Agency, has failed to rebut his legal filings. (*Id.*) He also

names as Defendants Magistrate Patrick Lang and the Athens County Clerk of Courts. (*Id.*) Mr. Ponder alleges that all these individuals and entities have conspired against him and that the state court lacks both subject-matter jurisdiction and personal jurisdiction. (*Id.*)

After screening the Amended Complaint under 28 U.S.C. § 1915A, the Magistrate Judge construed Mr. Ponder's Complaint as raising claims under 42 U.S.C. § 1983 and recommended that the Court dismiss Mr. Ponder's claims for failure to state a claim upon which relief can be granted. (ECF No. 3.) The Magistrate Judge concluded that Judge Saunders and Magistrate Lang are entitled to absolute immunity from suit and that the Complaint contains no plausible allegations on which the Court could rely to conclude that exceptions to judicial immunity apply. (*Id.* PageID 20.) She also concluded that Defendants Athens County Court of Common Pleas, Athens County Clerk of Courts, and Athens County Child Support Enforcement Agency lack the capacity to be sued as sub-entities of the County government. (*Id.* PageID 21.) Last, the Magistrate Judge concluded that the claims against Ms. Conkey and Mr. Wiens were not supported by sufficient factual allegations. (*Id.*)

Mr. Ponder objected, but his arguments are not responsive to the Magistrate Judge's conclusions and recommendation. (Obj., ECF No. 4.) Rather, he adds factual allegations not stated in the Complaint and makes the same overall arguments that Defendants acted without subject-matter and personal jurisdiction. (*Id.*)

II. Analysis

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1).

Mr. Ponder does not respond to the Magistrate Judge's conclusions regarding judicial immunity or the status of the various Athens County Defendants. Instead, he argues "anytime the state is a party of an action against a living man, Statutory Court does not have Original Jurisdiction," among other, related arguments against the state court's jurisdiction. (ECF No. 4, PageID 23.) As the Magistrate Judge stated, judges are entitled to absolute immunity from suit when acting within the scope of their official duties. (ECF No. 3, PageID 20 (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).) Neither the Complaint nor the Objection contain plausible allegations from which the Court could infer that any exception to judicial immunity applies.

Additionally, the Court agrees that the various Athens County entity defendants are not properly named as defendants. *See State ex rel. Andrews v. Lake Cnty. Ct. of Common Pleas*, 212 N.E.3d 914, 915 n.1 (Ohio 2022) (holding that a county court may not be sued in its own right); *Courthouse News Serv. v. Foley*, No. 3:23-cv-329, 2024 WL 308311, at *3 (S.D. Ohio Jan. 26, 2024) (Rose, J.) (holding that a county clerk of courts may not be sued in its own right); *Jones v. State*, No. 3:15-cv-325, 2015 WL 5562309, at *4 (S.D. Ohio Sept. 22, 2015) (Ovington, M.J.) (holding that a county child support enforcement agency and a department of job and family services may not be sued in their own right), *report and recommendation adopted sub nom. Jones v. DeWine*, 2015 WL 5999363 (S.D. Ohio Oct. 15, 2015) (Rose, J.).

Based on the allegations in the Complaint, the Court also agrees that Mr. Ponder fails to state a claim upon which relief can be granted as to Ms. Conkey and Mr. Wiens. Even if Mr. Ponder's additional allegations in the Objection were added to the Complaint, Mr. Ponder still fails to allege any facts that undermine the validity of any child support order or the proceedings that

3

resulted in any such orders.

Ultimately, Mr. Ponder's claims depend on his argument that the Athens County Court of Common Pleas acted without subject-matter jurisdiction over his child custody dispute and without personal jurisdiction over him. He makes no reasoned legal argument against the Magistrate Judge's conclusion that his conspiracy claims against Ms. Conkey and Mr. Wiens are supported only by vague and conclusory allegations that they followed the Athens County Court's allegedly illegal orders. *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." (quotation and citation omitted)).

Accordingly, the Court will dismiss his claims against all Defendants.

### III. Conclusion

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Mr. Ponder's Objection. (ECF No. 4.) The Magistrate Judge's Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 3.) Mr. Ponder's claims are **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment, to terminate this case on the Court's docket, and to mail a copy of this Opinion and Order to Damien Howard Ponder at 1047 Linwood Avenue, Columbus, Ohio 43206.

**IT IS SO ORDERED.**

**4/9/2025**  s/Edmund A. Sargus, Jr.
**DATE** EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE